**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jane Doe, minor by and through her parent, Katie Doe, | : : : : |
|              Plaintiff, | : |
|    v. | :  Civil Action No.:  1:22-cv-12169 |
| Amazon.Com, Inc., | : : |
|             Defendant. | : : |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe, a minor who brings this action by and through her parent, Katie Doe ("Plaintiff"), by her attorneys Lemberg law, LLC, seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff.  In light of the serious and personal nature of the allegations contained in the Complaint concerning a minor girl, Plaintiff's parents are justifiably concerned about protecting the identity of their child to safeguard her from undue attention that may result in infliction of emotional and psychological harm to their child. Further, Plaintiff seeks to protect the identity of the parent through whom she brings this suit as revelation of parent's identity is more likely than not to result in revelation of identity of the minor.

Plaintiff's identity, as described in the Complaint, should not be disclosed to the public due to the nature of the allegations in said Complaint. *See* Declaration of Sergei Lemberg, Esq. attached to Plaintiff's *Ex Parte* Motion to Proceed Under a Pseudonym (the "Lemberg Declaration"). Additionally, Plaintiff is prepared to provide a statement of her and her parent's true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

The following is based upon the accompanying Complaint and Lemberg Declaration. On October 21, 2019, Heliab Leal De-Melo ("DeMelo"), a delivery driver employed by the Defendant Amazon.Com, Inc. ("Amazon"), sexually accosted Jane Doe, an eleven-year-old girl, while on a delivery run for Amazon. Compl. ¶¶ 1, 7.  That day, at approximately 3:11 PM, Jane Doe was walking her dog in Franklin, Massachusetts, when De-Melo approached her while driving a van. *Id*. ¶ 8.  De-Melo asked Jane Doe what kind of dog she had, her age, whether "anyone had licked her butthole," and whether "her butthole was tight;" he then commented he "guess[ed] it was tight." *Id*.  Following a police investigation, De-Melo was charged with a sexually annoying and accosting conduct. *Id.* ¶ 9.

DeMelo sexually accosted Jane Doe, as Amazon well knows or should have known, in the same and similar manner as he had sexually accosted other victims before. *Id*. ¶ 10. Specifically, on October 3, 2017, a Massachusetts newspaper reported that De-Melo had been charged and summoned to appear in court in connection with him offering a teenage girl money for a sexual act in August of 2017 in Framingham, Massachusetts, while on a delivery run. *Id*. ¶ 11.  Amazon thus knew, or should have known, of DeMelo's proclivity for the conduct directed toward minors. *Id*. ¶ 12. While Amazon uses background screening companies to vet new employees, Amazon acted negligently in that it failed to identify an active child predator prior to hiring De-Melo and putting De-Melo into the community. *Id*. ¶ 13.

De-Melo's conduct caused Jane Doe to suffer severe and profound emotional and psychological injuries that continue to pervade her sense of safety and security to this day. *Id*. ¶ 14.  Jane Doe continues to suffer as she awaits the result of criminal proceedings against De-Melo seeking justice and closure to this horrible incident years later. *Id*. ¶ 15.

Amazon has thus been negligent in hiring and retaining such an employee where Amazon knew, or should have known, of such employee's proclivity for the conduct directed toward minors. Compl. ¶¶ 1, 18-22.

## ARGUMENT

The First Circuit has recently laid out a four-part test which permits parties to proceed anonymously when special circumstances arise. *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (1st Cir. Aug. 24, 2022). The First Circuit set forth "four general categories of exceptional cases in which party anonymity ordinarily will be warranted[,]" several of which Plaintiff Jane Doe and her parent Katie Doe falls squarely within. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71-72. The categories outlined by the First Circuit include the following: (i) the revelation of the identity of the party seeking pseudonym treatment would cause severe harm; (ii) innocent non-parties would be harmed by the identification of the party seeking anonymity; (iii) the lack of anonymity would have a chilling effect on similarly situated potential future litigants; and (iv) whether an underlying proceeding to the litigation received confidential treatment. *Id.*

### A. **The First Category**: The Revelation of Jane Doe's and Katie Doe's Identity Would Cause Severe Harm

The First Circuit found that use of a pseudonym would be permitted if "a would-be Doe…reasonably fears that coming out of the shadows will cause him severe harm." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71-72. Examples given by the First Circuit include but are not limited to: (i) disclosure of a history of sexual abuse; (ii) fear of an extraordinary retaliatory measure such as arrest, deportation, or imprisonment; (iii) recovering from a long-term disorder; and (iv) retaliation in the form of physical or mental harm. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71. (internal citations omitted). "The sexual abuse of a child is a very private matter of a sensitive and personal nature that likely warrants party anonymity." *Doe v. Eason*, No. CIV.A.

3

3:98-CV-2454-, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999).

As noted above, Jane Doe, a minor girl, is vulnerable to severe harm if her name were to be disclosed publicly while she, through her parent, seeks relief for the emotional and psychological harm she has suffered and continues to suffer. If required to disclose her identity, Jane Doe will suffer the exact type of harm that she seeks to avoid by commencing this lawsuit, as it would effectively force her to "come out of the shadows." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71. For instance, she is vulnerable to suffering a psychological injury and social stigmatization because she will be forced to publicly reveal having been an object of sexual abuse. This added damage would severely harm her current and future school performance. Any simple internet search of her name would reveal these allegations. (Lemberg Decl. ¶ 7). *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017), *citing Doe v. Colgate University*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (the revelation of Plaintiff's identity "would further exacerbate the emotional and reputational injuries he alleges"); *Doe v. Trustees of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) ("Plaintiff has a reasonable fear that, whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation."); *Lauren B. v. Baxter Int'l Inc. & Subsidiaries Welfare Benefit Plan for Active Emps.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014) (allowing anonymity when public disclosure would threaten plaintiff's recovery from longstanding eating disorder).

**B. The Second Category: Innocent Non-Parties Would Be Harmed if Jane Doe's and Katie Doe's True Identities Were Made Public**

The second category that the First Circuit identified for considering pseudonym treatment asks whether non-parties would be harmed by the identification of the party seeking pseudonym treatment. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71. An example given by the First Circuit

4

involved the situation that is identical to the case at bar: "granting pseudonym status to parents in litigation involving their minor children." *Id.*, citing *Doe v. Eason*, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999). Just like in the *Doe v. Massachusetts Inst. of Tech.* case where the First Circuit found John Doe's argument in support of this category to be on point because the identity of Jane Roe, a non-party, would be revealed should John Doe's identity become public, *Doe*, 46 F.4th at 73, so in this case the identity of Katie Doe, a non-party who is Jane Doe's mother, and identity of Jane Doe's father, would be revealed should Jane Doe's identity be revealed. (Lemberg Decl. ¶ 8). *See Doe v. Eason*, 1999 WL 33942103, at *3 (granting plaintiff's motion for confidentiality: "Because a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of a party's identity."). Therefore, this factor warrants permitting the Plaintiff to proceed pseudonymously.

### C. The Third Category: Anonymity for Jane Doe and Katie Doe Is Necessary To Prevent A Chilling Effect on Similarly Situated Potential Future Litigants

The third category that the First Circuit found that pseudonym treatment may be allowed is in cases where concealing the true identity of a party is necessary to prevent a chilling effect on similarly situated potential future litigants. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71; *citing Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011). The First Circuit explained that it must be wary of the deterring effect on those who seek redress through civil litigation because that is the avenue though which they can seek "peaceful resolution of disputes." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71. Representative "typical" cases identified by the First Circuit included, for instance, those involving sexual activities, bodily autonomy, reproductive rights, and those in which "the injury litigated against would be incurred as a result of the disclosure of the [party's] identity[.]" *Id.* (internal quotations omitted). The removal of confidentiality in any such

proceeding may have a chilling effect on future litigants who may be wary of seeking just relief for fear of suffering a psychological injury and social stigmatization should such sensitive and personal as sexual abuse of a child be revealed.

Jane Doe's situation falls squarely under the third category identified by the First Circuit in *Doe v. Mass. Inst. of Tech.* The revelation of Jane Doe's identity would have an impact on similarly situated future child litigants because they would be deterred from seeking peaceful resolution through litigation should they be required to reveal their identities when seeking redress arising out of conduct of sensitive and intimate nature such as sexual abuse. Jane Doe brought this action seeking redress for the psychological trauma she suffered as a result of being sexually accosted by an Amazon delivery driver on the public street. Both Jane Doe and future child litigants would incur the injury litigated against, should the sensitive and personal nature of injuries they suffered be made public. (Lemberg Decl. ¶ 9). Jane Doe's situation is representative of a "typical" case defined by the First Circuit because the disclosure of the sexual abuse she had been subjected to would be inevitable should her name or the name of her parent be revealed, and this disclosure would cause Jane Doe to sustain the exact harm that she seeks to rectify through this litigation. *Id.*

### D. <u>The Fourth Category</u>: Related Criminal Proceeding Received Confidential Treatment

The First Circuit also identified a fourth category where pseudonym use could be allowed; specifically, when a proceeding that plays a role in the litigation received confidential treatment. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 71-72. *See, e.g.*, *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (granting pseudonymity to non-minor plaintiffs challenging immigration authorities' denial of "special immigrant juvenile" status due to family court adjudications, in part because "related records from the New York Family Courts are protected

by law"); *Doe v. Bates*, 18-1250, 2018 WL 4539034, at *1 (S.D. Ill. Sept. 21, 2018) (granting pseudonym status to plaintiff bringing excessive force claim arising from juvenile detention because "revealing his identity would, in effect, unravel the protections afforded to his juvenile record").

The fourth category also applies to the instant matter as Jane Doe's identity is kept confidential the criminal proceedings brought by the City of Franklin against Defendant's employee pursuant to the State of Massachusetts law that protects the identity of minors who were subjected to sexual abuse. (Lemberg Decl. ¶ 10). Sensitive information that the Massachusetts law aims to safeguard would be revealed should Jane Doe's name be made public.

### E.  The Categories Are Not Exhaustive and Other Factors Are Implicated Here

The First Circuit cautioned that these categories are not exhaustive nor do they constitute the "entire universe" of situations where a pseudonym may be appropriate. *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 72. Additionally, the First Circuit stated that these categories, also fashioned as paradigms, are "rough cuts" and that many cases may fall under several of the categories, which should be taken into account when determining whether pseudonym treatment should be given. *Id*. Such is the case with Jane Doe because, as demonstrated above, the instant matter falls under several categories outlined by the First Circuit.

One such additional factor favoring pseudonymity is the court's long-standing policy not to disclose in the public proceedings the identity of minors who were sex crime victims and identifying them by a pseudonym instead. *See e.g.*, *Paroline v. United States*, 572 U.S. 434, 439, 134 S. Ct. 1710, 1716, 188 L. Ed. 2d 714 (2014) (using a pseudonym for a child victim of sexual exploitation); *Commonwealth v. Shurtleff*, 97 Mass. App. Ct. 1116, 145 N.E.3d 900, review denied, 485 Mass. 1107, 152 N.E.3d 712 (2020) (using a pseudonym for a child, a sex crime victim); *Com. v. O'Brien*, 35 Mass. App. Ct. 827, 828, 626 N.E.2d 892, 893 (1994) (same).

Plaintiff has protected her identity thus far and has taken steps to keep her identity confidential. Plaintiff's identity is currently not publicly known, particularly in the public realm, leading up to these proceedings. Significantly, Defendant is already aware of Jane Doe's true identity and will have an unobstructed opportunity to litigate this matter. "Other than the need to make redactions and take measures not to disclose Plaintiff's identity, Defendant[s] will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Thus, there is no doubt that Defendant will have an unobstructed opportunity to conduct discovery, present their defenses, and litigate this matter, regardless of whether Plaintiff identifies herself or proceeds anonymously.

Accordingly, Plaintiff should be permitted to proceed anonymously in this action as revealing her and her parent's name will cause significant prejudice and harm to Plaintiff, while proceeding anonymously will not hinder Defendant in any way.

## CONCLUSION

For the reasons set forth above, including but not limited to the irreparable harm that Plaintiff would incur should her or her parent's identity be disclosed, Jane Doe respectfully requests that this Court permit her to proceed under a pseudonym in the instant action.

Dated: December 21, 2022
        Wilton, Connecticut

Respectfully submitted,

By  __/s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

8